CRITTENDEN COUNTY *v.* ELISHA CONGER.

[Abstract Kentucky Law Reporter, Vol. 3—618.]

**Petition for Breach of Contract.**

> One who seeks to recover on account of a breach of contract must allege, in his petition, the contract and its provisions, its breach, and facts showing the loss or damage sustained by him because of the breach.

**Contract Made by Agent.**

Where one contracts with an agent the burden is on him, in a suit for its breach, to show not only that the agent made the contract, but also that he acted within the scope of his authority in doing so, for in the absence of such authority it will not be presumed that the agent had authority to make contracts.

**Contract of a County.**

A county is capable of contracting, and may be sued for a breach of its contract.

**Appeal from County Court.**

There can be no appeal from the judgment of the county court rejecting a claim, unless the claim shall first be presented to that court.

APPEAL FROM CRITTENDEN COURT OF COMMON PLEAS.

February 7, 1882.

OPINION BY JUDGE HARGIS:

Appellee alleges substantially that the appellant, by its agent, made a contract with him to take and keep all the paupers of the county for one year at $8.45 per month for each pauper. But by mistake the contract was not so reduced to writing, and he asks that it be reformed. He exhibits the written contract with his petition. He avers that the county failed and refused to allow him to keep eight persons who were paupers and kept by others that year under the employment of the appellant, and he was thereby damaged $800.

He does not allege that he could have kept each or all of said eight paupers at less than the contract price; nor does he allege that he was at any cost or expense in preparing to keep them. There are no facts stated in the petition which show that the appellee was subjected to any loss or damage by the alleged breach of the contract. All that is alleged in the petition may be true, and yet the appellee may not have been damaged anything. If the costs of keeping the paupers were as much as the county agreed to pay him he would not in that case be entitled to more than nominal damages for the breach of the contract.

It is a general rule of pleading that the contract, its breach, and the facts showing the loss or damage occasioned thereby, should be alleged. It is true general damage is alleged, but the

petition ought not to have left it doubtful whether the appellee had been damaged at all, as ambiguities and uncertainties are construed against the pleader who produces them.

The county court would invest its agent with power to contract with appellee only through orders made of record in that county. The burden of proof being on the appellee, not only to show that the agent made the contract, but that he acted within the scope of his authority in doing so, he should have alleged and shown by the records of the county court that the contract was authorized. In the absence of such authority it will not be presumed that the agent had authority to make contracts which conflict with the proper and wholesome exercise of the lawful power of the county court, in providing for the support of the paupers of the county. The petition was therefore defective and the general demurrer should have been sustained.

Gen. Stat. (1881), Ch. 27, Art. 3, § 11, does not provide an appeal from the judgment or order of the county court of levy and claims rejecting a claim, unless the claim shall first be presented to that court. The claim sued on was not presented or rejected by said court, and therefore none of the elements, which would authorize an appeal under that section, are shown in this record.

As a county is capable of contracting we perceive no reason why it should not be sued for a breach of such contracts as it may make, and that, too, in a court where its representatives will not be the judges.

Wherefore the judgment is *reversed* and cause remanded with directions to set aside the judgment and sustain the demurrer, and for further proper proceedings.

*L. H. James, Wm. Lindsay, for appellant.*